# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PIERRE A. RENOIR,
also known as Stones,

    Plaintiff,

    v.                                                                         Case No. 08-C-333

WILLIE G. DAVIDSON, MICHAEL KEEFE,
HARLEY-DAVIDSON MOTOR COMPANY,
and HARLEY OWNERS GROUP,

    Defendants,

## DECISION AND ORDER

Plaintiff, who is incarcerated at the Wallens Ridge State Prison in Big Stone Gap, Virginia, filed a complaint in which he seeks to certify a class action of all male Harley Owners Group members. Plaintiff claims that the potential class members suffer sexual discrimination in Harley Owners Group management, organization, employment, and rules. This matter comes before the court on plaintiff's motion for leave to proceed in forma pauperis.

## I. THREE STRIKES RULE

Under the Prison Litigation Reform Act (PLRA) of 1996, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). When determining whether a prisoner has acquired three "strikes" under § 1915(g), courts must consider prisoner actions dismissed on any of the three enumerated grounds both before and after the enactment of the PLRA. Evans v. Ill. Dep't of Corrs., 150 F.3d 810, 811 (7th Cir. 1998).

Plaintiff has accumulated strikes as follows: 1) Renoir v. Miller, Case No. 7:99CV00330 (W.D. Va. Dec. 21, 1999); 2) Renoir v. Angelone, Case No. 7:99CV00211 (W.D. Va. Oct. 29, 1999); and 3) Renoir v. McMillan, Case No. 7:99CV00356 (W.D. Va. June 28, 1999). Because he has previously filed at least three actions which were dismissed as frivolous, malicious, or for failure to state a claim, plaintiff's request to proceed in forma pauperis will be denied unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## II. IMMINENT DANGER OF SERIOUS PHYSICAL INJURY

Before denying leave to proceed in forma pauperis under 28 U.S.C. § 1915(g), "courts must review a frequent filer's well-pled allegations to ensure that the prisoner is not in imminent danger." Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003). As an initial matter, I note that plaintiff filed numerous motions subsequent to filing the complaint, some of which include claims of being in danger. However, because these allegations are not related to plaintiff's class action sexual discrimination claim against the defendants and because they are not contained in the complaint, I do not consider these filings in the course of determining whether plaintiff falls under the § 1915(g) exception. See id.; see also Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) (in deciding whether a prisoner a prisoner faced the requisite harm under § 1915(g), courts maintain a singular focus of the facts alleged in the complaint); Ibrahim v. Dist. of Columbia, 463 F.3d 3, 6 (D.C. Cir. 2006)

("In determining whether he qualified [for the 'imminent danger' exception], we look to the complaint . . . .").

According to the complaint, in January 1996, plaintiff purchased a life membership contract in Harley Owners Group ("HOG"). Although plaintiff did not know it when he became a life member, HOG is staffed almost entirely by females and shortly after HOG began, the majority female staff began a female-only subgroup of HOG called Ladies of Harley ("LOH"). Plaintiff claims that by denying male members of HOG a male-only subgroup, "defendants are denying a global male membership the opportunity to bond with other male members and gain unlimited business networking contacts with male members who include business executives, elected representatives, monarchy, royalty, celebrities, media, lawyers, and judges, etc., in what would be the largest world-wide mens club on the planet." (Compl. ¶ 5.) Plaintiff further claims:

> Clearly the lack of a male-only club results in lost business opportunities, lost financial gains, lost investment opportunities, lost job openings, and lost income for the male membership of HOG. This would account for combined damages in lost profits in the hundreds of billions of dollars to male members of HOG. It can only be grieved as to the wars which could have been prevented had an opportunity existed for heads of state to network in a male-bonding group of similar interest such as "Men of Harley." Such loss for sexual discrimination cannot be ignored.

Id.

Plaintiff alleges that since May 2001, he has mailed over 100 letters to defendants asking that a "Men of Harley" or other male-exclusive subgroup be started. Instead of responding to plaintiff's requests, in January 2003, defendants breached plaintiff's lifetime HOG contract and stopped sending him the "Hog Tales" and "Enthusiast" magazines, pins, patches, atlas, membership card, etc. that is required under the membership contract.

According to plaintiff, the breach of contract was retaliatory, and done with "malice and purposeful intent." (Compl. ¶ 7.) Plaintiff further alleges:

> Renoir is a prisoner with no visits, no money, no letters, no phone calls, radio, no newspaper, and the HOG magazine the only outside contact while Renoir was at Red Onion State Supermax Prison from 1999 to 2006. Renoir's only hold to sanity was the Bible and HOG. When the HOG publications stopped, Renoir lost touch with the outside world and suffered extensive emotional and psychological trauma.
>
> While only after notice of class action to HOG male members allows their personal damages to be assessed, Renoir was denied a chance at freedom which resulted in unnecessary stay in prison which resulted in Renoir being repeatedly beaten in the head by prison guards which resulted in Renoir's untreated Parkinson's/Alzheimer's diseases of which Renoir is now dieing [sic] of, multiple attempts on Renoir's life, and 3 gang rapes on Renoir by prison guards. Criminal complaints are shreaded [sic], and retaliation included being thrown down a flight of steel stairs while in handcuffs and leg irons - twice - and left for dead, 24-7 sleep deprivation every 30 minutes or less for over 1 ½ years, and 3 gang rapes. All this known in detail by the defendants, who were notified of it all since it began by Renoir who was of the impression that as a life HOG member, HOG would at minimum offer moral support. HOG did not.

(Compl. ¶¶ 9-10.) In October 2006, guards at Red Onion State Prison attempted to kill plaintiff and as a result he was transferred to Wallens Ridge State Prison.

Plaintiff claims that he and the proposed class suffer damage for denial of constitutionally protected due process and equal protection. He seeks the following relief:

> Plaintiff requests HOG membership be continued with all prior issues and materials not sent to Renoir required to be shipped post-haste to address given by Renior, and $500,000.00 damages for retaliatory HOG breach of contract.
>
> Plaintiff requests this court order a "Men of Harley" equal to LOH be started forthwith, and HOG organize a men-only HOG rally large enough to make up for the decades of male discrimination; free of charge to male HOG members (both "Men of Harley" and men-only rally).

4

> Plaintiff requests this honorable court order defendants to pay all past and present male HOG members $2 million dollars in damages each member, for eery year the male members were members of HOG while LOH existed.
>
> Renoir requests court order defendants to pay for a media sponsored polygraph "lie detector" test of Renoir and defendants on all issues of this action, and defendants support a HOG campaign to have Renoir released by Governor's pardon when Renoir passes the polygraph. Then upon release from prison defendants be required by the court to pay Renoir to organize the "Men of Harley" for HOG. And finally, defendants either supply Renoir a 2008 fat boy with the parts in Appendix A, B, and C, or defendants be required to purchase a 2008 Victory Vision Tour or a Triumph 2008 Rocket III Touring motorcycle, and include parts and accessories from Appendix B and C, to be waiting for Renoir to ride out on upon governor's pardon and release from prison. Damages for breach of contract.

(Compl. at 8-9.)

In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), a plaintiff must allege a physical injury that is imminent or occurring at the time the complaint is filed, and the threat or prison condition causing the physical injury must be real and proximate. Ciarpaglini v. Saini, 352 F.3d at 330 (citing Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002) and Heimermann v. Litscher, 337 F.3d 781 (7th Cir. 2003)). Courts deny leave to proceed in forma pauperis under § 1915(g) when a prisoner alleges only a past injury that has not recurred. See Ciarpaglini, 352 F.3d at 330 (citations omitted). In addition, courts deny leave to proceed in forma pauperis when a prisoner's claims of imminent danger are "conclusory or ridiculous." Id. (citing Heimermann v. Litscher, 337 F.3d at 782 (contesting one's conviction and complaining of inadequate protection two years previously is not imminent danger); Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) (working in inclement weather twice is not imminent danger); White v. Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998) ("vague and conclusory" assertions of withheld medical treatment when prisoner was seen over 100 times by physician is not imminent danger)). However, §

5

1915(g) is not used to determine the merits of a claim because "[t]his would result in a complicated set of rules about what conditions are serious enough, all for a simple statutory provision governing when a prisoner must pay the filing fee for his claim ." Ciarpaglini, 352 F.3d at 331.

In this case, plaintiff does not allege that he is under imminent danger of serious physical injury. Any physical injuries the plaintiff has suffered at the hands of prison officials are not related to his claims in this case. Even if they were related, allegations of past injury do not constitute "imminent danger." Based on the foregoing, plaintiff may not proceed in forma pauperis in this case. See 28 U.S.C. § 1915(g).

However, plaintiff incurred the filing fee by filing this action. Newlin v. Helman, 123 F.3d 429, 433-34 (7th Cir. 1997), rev'd on other grounds by Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000) and Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000). The fact that this court is denying plaintiff's request to proceed in forma pauperis means that the full filing fee of $350.00 is due within 14 days of this order. Id. Failure to pay in full within the time limits will result in a dismissal.

## ORDER

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #13) be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff shall forward to the clerk of this court the sum of $350.00 as the full filing fee in this case within 14 days of the date of this order. Plaintiff's failure to comply with this order will result in dismissal. The payment shall be clearly identified by the case name and number assigned to this action.

6

**IT IS ALSO ORDERED** that a copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin, this 25 day of July, 2008.

/s_____
LYNN ADELMAN
District Judge